**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

TRUSUN TECHNOLOGIES, LLC D/B/A TRUSOLIS TECHNOLOGIES; THE JOHNSTON FAMILY TRUST; AND JOHN F. JOHNSTON,

Plaintiffs,

v.

EATON CORPORATION; COOPER LIGHTING, LLC d/b/a COOPER LIGHTING SOLUTIONS; AND SIGNIFY HOLDING B.V.,

Defendants.

No. 6:19-CV-00656-ADA

**PUBLIC REDACTED COPY**

**DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION TO STRIKE PLAINTIFFS' UNTIMELY NEW INFRINGEMENT CONTENTIONS FILED WITHOUT LEAVE OF COURT**

In their Motion to Strike Plaintiffs' Untimely New Infringement Contentions Filed Without Leave of Court ("Opening Motion"), Defendants demonstrated that (1) this Court's rules require leave of Court for any amendment served after the Final Infringement Contention Deadline, (2) Plaintiffs' New Infringement Contentions, served more than seven months after the Final Infringement Contention Deadline, are an amendment of Plaintiffs' Preliminary Infringement Contentions, and (3) Defendants will be prejudiced facing the new infringement theories set forth in Plaintiff's New Infringement Contentions. In their Opposition, Plaintiffs tellingly ignore the first two points (amendments require leave, and Plaintiffs did not seek leave), and offer only one conclusory paragraph on the third point (prejudice). Instead of addressing the primary points raised in the Opening Motion, Plaintiffs' insult-laden Opposition engages in hyperbole and accuses Defendants of "disingenuous attempt[s] to mischaracterize," and "gamesmanship," in a transparent attempt to camouflage Plaintiffs' own failure to follow this Court's straightforward rules. Theatrics aside,[1] Plaintiffs fail to rebut the showing in Defendants' Opening Motion, which should be granted.

Plaintiffs first argue that their infringement theories have not changed, and suggest that the Court's rulings in Markman support their position. But this completely misses the point. Plaintiffs' New Infringement Contentions are nevertheless an "amendment" under this Court's rules, and service of an amendment after the deadline for Final Infringement Contentions requires that Plaintiffs seek and obtain leave of Court. Indeed, the word "amendment" appears nowhere in Plaintiffs' Argument and the word "leave" appears nowhere in the ten pages of Plaintiffs'

[1] Plaintiffs' Opposition cites to emails between the parties and casts accusations about improper *ex parte* communications with the Court. Such attacks are irrelevant to the issue at hand: Plaintiffs' untimely service–just as discovery is about to close–of an amendment to their PICs without leave of Court. As the Court knows, no substantive issues were discussed when counsel for Defendants contacted the clerk assigned to the case for guidance on procedural issues, as is the Court's practice to provide. And, as the correspondence shows, the propriety of Plaintiffs' recent New Infringement Contentions is a separate issue from the parties' previously-framed discovery disputes already charted with the Court. The issues are not intertwined as Plaintiffs suggest.

Opposition. Thus, Plaintiffs do not dispute (and therefore must be deemed to admit) that their New Infringement Contentions constitute an amendment and they failed to seek leave as required by this Court's rules. For this reason alone, Defendants' Opening Motion should be granted.

Plaintiffs' Opposition also contends that their New Infringement Contentions were "in response to a recent correspondence from Defendants." Opposition at 6. But as explained in the Opening Motion, Defendants' June 4, 2021 correspondence was certainly not an open invitation for Plaintiffs to provide an amendment without leave, but rather a reminder that Plaintiffs had failed to serve Final Infringement Contentions and that any amendment *would* require leave of Court. Opening Motion at 4. Here again, Plaintiffs ignore the main point. Leave was required. They failed to seek, and still have not sought, leave of Court.

Still, Plaintiffs' argument that their New Infringement Contentions do not change their infringement theories cannot be reconciled with the significant and substantial changes outlined in Defendants' Motion, which Plaintiffs do not directly address. Instead, Plaintiffs cast blame at Defendants, accusing them of unclean hands. Plaintiffs point to one supposedly "key" [REDACTED] that Plaintiffs produced in January 2021 (over six months ago) and a [REDACTED] [REDACTED] produced in April 2021, but tellingly make no effort to address Defendants' showing that Plaintiffs possessed significant technical documents and relevant source code for the accused products' thermal management functionality before the Final Infringement Deadline. Nor did Plaintiffs explain the basis for and their delay in disclosing replacement theories for the Lumadapt, All Field, Arena Downlight, and Prism RGBA products (as well as the formerly accused products dropped by Plaintiffs in the New Infringement Contentions) as no longer operating in a manner "similar" to the "Visium series," as Plaintiffs alleged in their PICs. Opening Motion at 3-4. To that end, Plaintiffs fail to mention that this "key [REDACTED] produced in

January, which supposedly is "at the very heart of the case," was cited in only three of the seven New Infringement Contention charts. And the [REDACTED] produced in April is cited for just two products, and only then as backup documentation evidencing [REDACTED] for lights in the product family. [REDACTED] Importantly, the primary evidence in the New Infringement Contentions for this claim element showing [REDACTED] and [REDACTED] both of which were produced in November 2020. This was all evidence that Plaintiffs possessed well before the Final Infringement Contention deadline, which explains why Plaintiffs served the New Infringement Contentions without seeking leave: they knew their case for leave was weak at best.

Plaintiffs' Opposition also attempts to distract from their failure to follow this Court's rules by accusing Defendants of "foot-dragging" on providing samples of some of the accused products. Importantly, Plaintiffs did not even request these samples until March 2021, many months after the deadline for Final Infringement Contentions and five months into discovery. Moreover, Plaintiffs fail to explain what relevant information they learned from the product samples they have received that they did not already know from the technical information and source code produced much earlier in this case, which confirmed that Plaintiffs' PICs were simply wrong as to most of the accused products.

Finally, Plaintiffs state in conclusory fashion that Defendants cannot show prejudice from being provided "supplemental evidentiary cites" at this point in the case. But Defendants' Opening Motion demonstrated that Plaintiffs' New Infringement Contentions were anything but simple supplementation. They identify new infringing components, and expand and alter Plaintiffs'

infringement case. And it is Plaintiffs' burden to demonstrate that they should be able to serve and use this amendment made after the Final Infringement Contention deadline. This is why the Court requires that parties wishing to make an amendment at this stage of the case seek leave. Plaintiffs did not do so here, nor do they make any effort in the Opposition to explain why they should be exempt from this plain rule. Thus, Plaintiffs' New Infringement Contentions must be struck. To not do so would render this Court's Final Infringement Contention deadline meaningless.

As noted in Opening Motion, striking Plaintiffs' New Infringement Contention is not fatal to their case—they would just rely on their PICs, which they have confirmed are sufficient and not in need of supplementation. In fact, if Plaintiffs' New Infringement Contentions do not actually change their infringement theories as Plaintiffs claim in their Opposition, then Plaintiffs should have no problem simply withdrawing them and relying on their PICs. The fact that Plaintiffs will not abandon their New Infringement Contentions is proof positive that these new charts do in fact change Plaintiffs' infringement case.

Plaintiffs' attempt to circumvent this Court's rules and grant themselves leave to make an amendment to their PICs should be rejected. Defendants therefore request that their Motion to Strike be granted. And, further, given the stage of the case -- Fact Discovery closes on July 30, 2021 -- Plaintiffs must be required to rely solely on their PICs, and not be allowed to belatedly seek leave as they should have done in the first place.

Dated: July 27, 2021

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Adam Hester*

M. Craig Tyler
Texas Bar No. 794762
ctyler@perksinscoie.com
500 W 2nd St, Suite 1900
Austin, TX 78701-4687
Tel. (737) 256-6113
Fax. (737) 256-6300

Amy Simpson*
California Bar No. 241090
ASimpson@perkinscoie.com
Abigail A. Gardner
California Bar No. 334598
AGardner@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, California 92130
Tel. (959) 720-57002
Fax (858) 720-5799

Terrence Wikberg*
District of Columbia Bar No. 479289
TWikberg@perkinscoie.com
700 Thirteenth Street, N.W. Suite 800
Washington, D.C. 20005
Tel. (202) 654-6201
Fax (202) 654-9149

Adam Hester*
California Bar No. 311206
AHester@perkinscoie.com
3150 Porter Drive
Palo Alto, California 94304
Tel. (650) 838-4311
Fax. (650) 838-4350

* Admitted *Pro Hac Vice*

Attorneys for Defendants
Eaton Corporation, Cooper Lighting, LLC, and
Signify Holding B.V.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 27, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

*/s/ Adam Hester*
Adam Hester